IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROSE PODBELSEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| LOGAN COUNTY, ILLINOIS, a body | ) |
| corporate and politic, and MARY KELLEY, | ) |
| in her capacity as the Clerk of the Circuit | ) |
| Court of Logan County, Illinois, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Rose Podbelsek ["Podbelsek"], and for her causes of action against the Defendants, Logan County, Illinois ["Logan County"], a body corporate and politic, and Mary Kelley ["Kelley"], in her capacity as the Clerk of the Circuit Court of Logan County, Illinois, states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337 and Title 29, United States Code, Section 2617(a). This is a civil action arising under the laws of the United States. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to qualified employees the right to take time away from work for purposes of family medical leave.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since the Defendants reside within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## PARTIES

1. That Podbelsek is a citizen of the United States. At all times relevant to this cause, she was employed by Logan County and Kelley as a deputy clerk.

2. That Logan County is a unit of government organized in accordance with the "Counties Code" [55 ILCS 1-1001 et.al.] which provides various governmental and public safety services for individuals residing within its corporate limits.

3. That Kelley was at times relevant to this proceeding the duly elected Clerk of the Circuit Court of Logan County, Illinois.

## GENERAL STATEMENT OF THE CLAIMS OF PODBELSEK WITH RESPECT TO EACH COUNT OF THE COMPLAINT

4. That Podbelsek began her employment for Logan County in the Office of the Logan County Circuit Clerk as a full time employee on June 1, 1979 and worked continuously thereafter until she was terminated on April 24, 2014.

5. That at all times relevant to this proceeding Podbelsek fully satisfied all reasonable performance and conduct expectations which the Defendants had for her as an employee.

6. That in December of 2013 Podbelsek went under the care of a physician and was diagnosed with major depressive disorder and adjustment disorder.

7. That because of the medical condition described above Podbelsek's physician directed that she remain away from work while she was being treated for the acute symptoms of her disorder.

8. That at times relevant to this proceeding the family medical leave policy applicable to Podbelsek's employment calculated eligible leave time on a calendar year basis.

9. That Podbelsek submitted to the Defendants a timely request to take family medical leave which included a certification from her physician supporting the need for her to be away from work because of her medical condition.

10.  That the Defendants approved the family medical leave requests made by Podbelsek.

11.  That periodically during the period of her family medical leave, Podbelsek's physician would provide the Defendants in writing with information concerning her condition and estimations concerning the period of her incapacity.

12.  That while under the care of her physician the acute symptoms of Podbelsek's disorders on a graduated basis subsided and she was improving.

13.  That on February 20, 2014 Podbelsek, at the request of her physician, made an inquiry through an electronic form of communication directed to Kelley about how many family medical leave days were still available to her.  Kelley responded that Podbelsek's FMLA 12 week period would expire on April 23, 2014.

14.  That on February 24, 2014 Kelley by letter again informed Podbelsek that the period of her family medical leave would expire on April 23, 2014.

15.  That on April 24, 2014 Podbelsek with the approval of her physician returned to work with the Defendants.

16.  That on April 24, 2014 Kelley informed Podbelsek that effective immediately she was being terminated from her employment with the Defendants.  She gave no reason for that decision other than Podbelsek's position as a deputy clerk was "at-will."

## **COUNT I**

For her first cause of action against the Defendants, Podbelsek states as follows:

1-16.  For paragraphs 1 through 16 of Count I, Podbelsek incorporates paragraphs 1 through 16 from above.

17.  That at all times relevant to this proceeding, the Defendants were an employer as that term is defined in 29 U.S.C. § 2611(4).

18.  That the medical condition described above represented a serious health condition preventing Podbelsek from performing the functions of her position for the Defendants.  By virtue of 29 U.S.C. § 2612(a)(1)(d), she was entitled to use a total of twelve work weeks of leave away from her employment with the Defendants during any twelve consecutive month period because of that medical condition.

19.  That by the time of the expiration of her twelve week eligible family medical leave period for calendar year 2014 which was identified by Kelley as described in paragraphs 13 and 14 above Podbelsek had sufficiently improved with respect to the medical condition described above so that she was able to return to her position of employment with the Defendants.

20.  That upon the expiration of the family medical leave taken by Podbelsek and approved by the Defendants, they were obliged to return her to either the same position she held at the time her leave commenced or to an equivalent position with equivalent benefits, pay and terms and conditions of employment regardless of whether or not she has been replaced in her position.

21.  That the conduct of the Defendants, as more particularly described above in terminating Podbelsek, interfered with her rights to take family medical leave as guaranteed under 29 U.S.C. § 2612 and is prohibited under the terms of 29 U.S.C. § 2615(a)(1).

22.  That as a direct and proximate result of the conduct described above Podbelsek has sustained monetary damages through the loss of wages, salaries, and employment benefits which she would otherwise have received had she remained in the employ of the Defendants.

## COUNT II

For her second cause of action against the Defendants, Podbelsek, states as follows:

1-16.  For paragraphs 1 through 16 of Count II, Podbelsek incorporates paragraphs 1 through 16 from above.

17.  That at all times relevant to this proceeding, the Defendants were an employer as that term is defined in 29 U.S.C. § 2611(4).

18.  That the medical condition described above represented a serious health condition preventing Podbelsek from performing the functions of her position for the Defendants.  By virtue of 29 U.S.C. § 2612(a)(1)(d), Podbelsek was entitled to use a total of twelve work weeks of leave away from her employment with the Defendants during any twelve consecutive month period because of that medical condition.

19.  That by the time of the expiration of her twelve week eligible family medical leave period for calendar year 2014 which was identified by Kelley as described in paragraphs 13 and 14 above Podbelsek had sufficiently improved with respect to the medical condition described above so that she was able to return to her position of employment with the Defendants.

20.  That upon the expiration of the family medical leave taken by Podbelsek the Defendants were obliged to return her to either the same position she held at the time her leave commenced or to an equivalent position with equivalent benefits, pay and terms and conditions of employment regardless of whether or not she has been replaced in her position.

21. That the actions of the Defendants, in refusing to return Podbelsek to employment with it, discriminated against her because she elected to use family medical leave benefits in violation of 29 U.S.C. § 2615(a)(2).

22. That as a direct and proximate result of the conduct described above Podbelsek has sustained monetary damages through the loss of wages, salaries, and employment benefits which she would otherwise have received had she remained in the employ of the Defendants.

WHEREFORE, the Plaintiff, Rose Podbelsek, respectfully requests that this Court enter judgment in her favor and against the Defendants and provide her with the following relief:

A. Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 29 U.S.C. § 2615 and issue a mandatory injunction against the Defendants to refrain from engaging in any action with respect to her which is prohibited under the terms of the foregoing law;

B. Issue a mandatory injunction directing the Defendants to reinstate the Plaintiff, Rose Podbelsek, to either: 1) the position of employment with the Defendants which she held prior to the conduct complained of in this Complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position; or 2) a comparable position of employment with the Defendants;

C. Award the Plaintiff, Rose Podbelsek, damages sufficient to compensate her for the economic losses suffered as a result of the conduct as alleged in this complaint;

D. Assess, pursuant to 29 U.S.C. § 2617(a)(3), against the Defendants the costs and expenses incurred by the Plaintiff, Rose Podbelsek, in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by her in prosecuting the above

captioned cause;

      E.  Award the Plaintiff, Rose Podbelsek, prejudgment interest pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii);

      F.  Assess the Defendants in favor of the Plaintiff, Rose Podbelsek, such liquidated damages as are permitted under 29 U.S.C. § 2617(a)(1)(A)(iii); and

      G.  Provide such other relief as the Court deems to be equitable and just.

**THE PLAINTIFF, ROSE PODBELSEK, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THIS PROCEEDING WHICH MAY BY LAW BE TRIED BEFORE A JURY BE TRIED BY JURY.**

                              Rose Podbelsek, Plaintiff

                              By:  s/ James P. Baker
                                   James P. Baker
                                   Bar Number: 0097802
                                   Baker, Baker & Krajewski, LLC
                                   415 South Seventh Street
                                   Springfield, Illinois   62701
                                   Telephone:  (217) 522-3445
                                   Facsimile:  (217) 522-8234
                                   E-mail:  bms@bbklegal.com
                                   (PodbelsekRose/ complaint federal 012716)